UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LENNY LORRAINE JAMES § | |
| § | |
| § | |
| v.   § | C.A. No. C-05-257 |
| § | |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER TO REMAND**

On January 13, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 13). Objections by the plaintiff were timely filed on January 23, 2006 (D.E. 14). Having reviewed de novo the Magistrate Judge's Memorandum and Recommendation and the pleadings on file, in conjunction with the plaintiff's objections, this Court declines to adopt the proposed order submitted by the Magistrate Judge and orders that this case be remanded to the Administrative Law Judge ("ALJ") for further consideration consistent with this opinion.

Reiterating the legal standard properly discussed by the Magistrate Judge, judicial review of the Social Security Administration Commissioner's decision regarding a claimant's entitlement to disability benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d. 131, 135 (5th Cir. 2000).

1

In this case, the plaintiff asserts three (3) objections to the Magistrate Judge's Memorandum and Recommendation, encompassing issues of departing from relevant legal standards. Specifically, the plaintiff makes the following objections: (1) the ALJ rejected the opinion of her treating physician without good cause, (2) the ALJ did not perform the required analysis of her treating physician according to 20 C.F.R. §404.1527(d)(2), and (3) the ALJ improperly discredited her subjective evidence of pain and disability. For the reasons stated herein, this Court finds that the ALJ failed to give proper weight to the opinion of the plaintiff's treating physician.

In determining whether a claimant is disabled, the ALJ must use a five-step sequential process to evaluate a claimant's ability to work. *Newton v. Apfel*, 209 F.3d 448, 452-453 (5th Cir. 2000) (citing 20 C.F.R. §§404.1520 (b)-(f)). When conducting this evaluation, the ALJ has a duty to develop the facts fully and fairly relating to a claim for disability benefits. *Newton,* 209 F.3d at 458 (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). If the ALJ fails to satisfy this duty, his decision is not deemed substantially justified. *Id.* at 458.

Under the Social Security Administration regulations, the opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses should be accorded great weight in determining disability. *Newton*, 209 F.3d at 455-456; 20 C.F.R. §1527. In fact, if the treating physician's opinion on the nature and severity of a patient's impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record, the ALJ is supposed to give it controlling weight. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing 20 C.F.R.§404.1527(d)(2)).

The ALJ can decrease reliance on a treating physician's testimony for "good cause," which includes statements that are brief and conclusory, not supported by medically acceptable clinical

laboratory diagnostic techniques or otherwise unsupported by evidence. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). However, if there is no reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ can reject the opinion *only* if the ALJ performs a detailed analysis of the treating physician's views under 20 C.F.R.§ 404.1527(d)(2). *Newton*, 209 F.3d at 453. This means the ALJ must address and analyze the following factors: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the support of the physician's opinion afforded by the medical evidence of record, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating physician. *Id.* at 455-456 (citing 20 C.F.R. § 404.1527 (d)(2)). Additionally, if the ALJ determines that the treating physician's findings are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R.§ 404.1512(e). *Id.*

In her first two objections, the plaintiff argues that the ALJ failed to properly credit the opinions of her treating physician regarding her physical limitations. Dr. John M. Borkowski ("Borkowski"), who focuses primarily on adult spine surgery, has been the plaintiff's treating physician since February 2003 (Tr. 190). He diagnosed the plaintiff with L5-S1 discogenic syndrome, and in May 2003, he performed various surgical procedures on the plaintiff's back (Tr. 183-185). He subsequently referred the plaintiff to physical therapy; however, she returned to Borkowski intermittently throughout 2003 and 2004. Although the plaintiff's condition had improved to a certain extent, in January 2004, Borkowski determined that the plaintiff had sacroilitis

and became concerned about her radiculopathy (Tr. 314). On February 4, 2004, he noted that the plaintiff's MRI revealed that she had annular tears above her fusion (Tr. 349). On March 29, 2004, he stated, "She does have associated annular tears above her fusion and I support her disability because if she returned to work in full capacity, those tears could flare up and cause her some pain in the future, which would require another fusion for a transfer lesion." (Tr. 363).

On June 17, 2004, Dr. Borkowski assessed plaintiff as having the residual functional capacity to do less than sedentary work and also said that her impairments would cause her to miss more than three days of work per month (Tr. 372-374). His analysis was based on the plaintiff's MRI and her sacroilitis, numbness and tingling down her arm, cervicalgia, degenerative discs and brachialgia (Tr. 373).

In this case, the ALJ did not give controlling weight to Borkowski's findings because it found that the medical record did not contain clinical evidence to support his diagnoses and findings regarding the plaintiff's capacity to work (Tr. 17). Based on this finding alone, the ALJ decided to give more weight to the testimony of medical expert, Dr. W. Morse Hicks, who was hired by the ALJ to review the plaintiff's medical records. Hicks neither examined or questioned the plaintiff, and there is no evidence to indicate that he has any training in adult spine surgery (Tr. 14-20, 412). Nevertheless, he concluded that the plaintiff was capable of light work (Tr. 18).

This Court recognizes that the lack of objective medical evidence supporting a treating physician's opinion constitutes good cause for the ALJ to decrease its reliance thereon. However, in this case, the alleged lack of objective evidence alone is not enough to justify rejecting the opinion of Borkowski. The ALJ has presented no evidence from a treating or examining physician that contradicts Borkowski's assessment of the plaintiff's physical limitations. As such, the only way

that the ALJ can reject Borkowski's findings in accordance with proper legal standards is by performing a detailed analysis of Borkowski under the criteria set forth in 20 C.F.R. §404.1527(d)(2). The record indicates that the ALJ made no effort to fully evaluate Borkowski under the required criteria, and there is no evidence in the record that the ALJ sought clarification or additional evidence from Borkowski. Accordingly, this Court finds that the ALJ did not use the proper legal standards in evaluating Borkowski's findings. The Court also finds that the ALJ's failure to use the proper legal standards in evaluating the plaintiff's claim for disability has caused her prejudice. Had the ALJ given Dr. Borkowski's opinion controlling weight, it would have found the plaintiff disabled (D.E. 13, Page 13).

In her third objection, the plaintiff asserts that the ALJ's reasons for discrediting her testimony regarding her subjective evidence of pain and disability were inadequate. The ALJ's findings regarding the debilitating effect of subjective complaints of pain and disability are entitled to considerable deference. *Wren v. Sullivan,* 925 F.2d 123, 128 (5th Cir. 1991) (citing *James v. Bowen*, 893 F.2d 702, 706 (5th Cir. 1986)). However, the ALJ must indicate the credibility choices made and the basis for those choices in resolving the truthfulness of a claimant's subjective symptoms and complaints. *Shcarlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981).

In this case, the ALJ considered the plaintiff's subjective evidence of pain and explained its reasons for discrediting her credibility (Tr. 17-18). Specifically, the ALJ asserts the plaintiff's ability to take a long car ride and pick up her grandchild is inconsistent with her testimony (Tr. 17-18). In light of this Court's finding that the ALJ did not use the proper legal standards in evaluating Borkowski's assessment of the plaintiff's limitations, this Court finds the ALJ's credibility determination of the plaintiff was based on an incomplete review of the evidence and therefore

improper. Because the ALJ did not properly evaluate Borkowski according to 20 C.F.R.§404.1527(d)(2), the ALJ did not properly consider all the evidence before making a credibility determination. Accordingly, this Court finds that the ALJ's reasons for discrediting the plaintiff's testimony regarding her subjective evidence of pain and disability are inadequate.

For the reasons stated herein, it is the Court's opinion that the ALJ improperly rejected the opinions of the plaintiff's treating physician without contradictory evidence from physicians who had examined or treated the plaintiff and without requesting additional information from the treating physician before rejecting the treating physician's as unsupported or conclusory. Further, it is the Court's opinion that the ALJ's credibility determination of the plaintiff is improper.

Therefore, the Court declines to adopt the Magistrate Judge's Memorandum and Recommendation, DENIES Defendant's Motion for Summary Judgment and REMANDS this case to the Administrative Law Judge for further consideration consistent with this opinion.

ORDERED September 28, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE